IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
                                      :

JOSE RUBIN RUIZ, et al.               :

                                      :   Civil Action No. DKC 16-1011
        v.
                                      :

CMT DESIGN BUILD, LLC
                                      :
```

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is a joint motion for approval of a settlement agreement (the "Agreement"). (ECF No. 26). The Agreement represents a fair and reasonable resolution of a *bona fide* FLSA dispute. Before approving the settlement, however, Plaintiffs Jose Ruben Ruiz and Audi Ruben Ruiz (collectively, the "Plaintiffs") will be requested to provide additional details supporting the reasonableness of the requested attorney's fees and costs.

**I.    Background**

Plaintiffs allege that Defendant CMT Design Build, LLC ("CMT" or "Defendant") employed them as manual laborers for five weeks but only paid them for one of those weeks. Plaintiffs aver that they worked forty-five hours during their first week and Defendant paid them $340.00. For the next four weeks, they worked fifty-four, thirty-six, forty-five, and eighteen hours,

but they received no wages.  Plaintiffs contend that they are owed $1,348.42 each in back pay in addition to possible double or treble damages under the FLSA and its Maryland equivalents. (ECF No. 13, at 4).

Plaintiffs commenced this action by filing a complaint on April 5, 2016.  (ECF No. 1).  The parties did not engage in discovery or mediation, but they filed the pending motion for approval of the Agreement on July 29, 2016.  (ECF No. 13).  The Agreement provides that, upon court approval, Defendant will pay Plaintiffs and their attorney $6,741.21.  (ECF No. 13-1 ¶ B(1)). Plaintiffs are to receive $4,741.32, to be divided evenly between each plaintiff.  (*Id.* ¶ B(1)(a)).  Defendant, pursuant to the Agreement, does not admit liability, but agrees to settle in order to avoid further costs of litigation.  (*Id.* at 1).  In exchange for the settlement amount, Plaintiffs agree to waive and release all claims against Defendant.  (*Id.* ¶  C).

## II.  Analysis

Because Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees, the statute's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).

2

Under the first exception, the Secretary of Labor may supervise
the payment of back wages to employees, who waive their rights
to seek liquidated damages upon accepting the full amount of the
wages owed.   *See* 29 U.S.C. § 216(c).   Under the second
exception, a district court can approve a settlement between an
employer and an employee who has brought a private action for
unpaid wages, provided that the settlement reflects a
"reasonable compromise of disputed issues" rather than "a mere
waiver of statutory rights brought about by an employer's
overreaching."   *Lynn's Food Stores, Inc. v. United States*, 679
F.2d 1350, 1354 (11th Cir. 1982); *see also Duprey v. Scotts Co.
LLC*, 30 F.Supp.3d 404, 407-08 (D.Md. 2014).

Although the United States Court of Appeals for the Fourth
Circuit has not directly addressed the factors to be considered
in deciding motions for approval of such settlements, district
courts in this circuit typically employ the considerations set
forth by the Eleventh Circuit in *Lynn's Food Stores*.   *See, e.g.*,
*Duprey*, 30 F.Supp.3d at 407-08; *Lopez v. NTI, LLC*, 748 F.Supp.2d
471, 478 (D.Md. 2010).   Pursuant to *Lynn's Food Stores*, an FLSA
settlement generally should be approved if it reflects "a fair
and reasonable resolution of a *bona fide* dispute over FLSA
provisions."   679 F.2d at 1355.   Thus, as a first step, the *bona
fides* of the parties' dispute must be examined to determine if
there are FLSA issues that are "actually in dispute."   *Lane v.*

*Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2 (D.Md. Aug. 31, 2011) (citing *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241-42 (M.D.Fla. 2010)).  Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including:  "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . .; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery."  *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D.Va. Sept. 28, 2009); *see also Duprey*, 30 F.Supp.3d at 408 (citations and internal quotation marks omitted).

### A.   *Bona Fide* Dispute

"In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement."  *Duprey*, 30 F.Supp.3d at 408 (citation omitted).  Here, there is a *bona fide* dispute.  In their joint motion for approval, the parties reaffirm that a genuine dispute of fact remains.  Specifically,

"[t]he parties disagree as to whether the Plaintiffs were employed by CMT or a subcontractor and whether or not CMT could legally be considered the Plaintiffs' joint employer." (ECF No. 13, at 3). Defendant is prepared, should the case go to trial, to call witnesses to testify that Defendant had "no authority over the terms and conditions of Plaintiffs employment[,]" and Plaintiffs are prepared to call witnesses to refute such testimony. (*Id.* at 6). Thus, the pleadings, along with parties' representations in court filings, establish that a *bona fide* dispute exists as to Defendant's liability to Plaintiffs for wage and overtime payments under the FLSA.

### B.   Fairness & Reasonableness

Upon review of the parties' submissions and after considering the relevant factors, *see Duprey*, 30 F.Supp.3d at 409, the Agreement appears to be a fair and reasonable compromise of the parties' *bona fide* dispute. Although the parties agreed to settle at an early stage in the proceedings and before conducting any formal discovery, they "informally exchanged information about CMT's business arrangement with its subcontractor." (ECF No. 13, at 7). The parties also represent that they believe resolution through motions practice is unlikely, given the conflicting accounts of Defendant's relationship with its subcontractors. Moreover, the parties wish to avoid the cost, risks, and uncertainties of proceeding

forward.    There is no evidence that the Agreement is the product of fraud or collusion, and it appears to be the result of negotiations between experienced counsel.

As to the relationship between the amount of the settlement and Plaintiffs' potential recovery, the Agreement appears to be fair and reasonable.    The Agreement provides Plaintiffs $2,370.66 each, $1,185.33 for actual wages owed and $1,185.33 in liquidated damages.   The parties assert, at different points in their motion, both that this amount "compensates [Plaintiffs] for the entire back pay they seek," and also that Plaintiffs "maximum back wage recover[y] in this case is $1,348.42 each. (*Id.* at 4).   Regardless, the settlement amount either provides Plaintiffs their full wages or approximately eighty-eight percent of the wages owed, in addition to double liquidated damages.    Although the Agreement does not provide treble damages, it appears to "reflect[] a reasonable compromise over issues actually in dispute" in light of the risks and costs associated with proceeding further and Defendant's potentially viable defenses. *Lomascolo*, 2009 WL 3094955, at *8.

In light of the risks and costs to both parties in proceeding with this lawsuit, the Agreement appears to be a reasonable compromise over issues that remain in dispute.

### C. Attorney's Fees and Costs

In addition to assessing the reasonableness of the settlement amount to be received by Plaintiffs, the court must also assess the reasonableness of the Agreement's provisions regarding attorney's fees and costs. *See* 29 U.S.C. § 216(b). The awarding of attorney's fees to Plaintiffs turns on application of the traditional lodestar methodology factors. The starting point in the lodestar calculation is multiplying the number of hours reasonably expended by a reasonable hourly rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F.Supp.3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). This court has established presumptively reasonable rates in Appendix B to its Local Rules. *See, e.g.*, *id.* (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D.Md. 2000)). In addition, the specific facts of the case are to be considered in calculating a reasonable figure.

The Agreement provides that — separate and apart from the payments to Plaintiffs — Defendant will pay Plaintiffs' counsel $2,000.00, which includes $1,500.00 in legal fees and $500.00 in filing and service of process fees. The parties assert that

counsel's actual lodestar value is more than three times higher than the requested fees, in excess of $6,000.00. Although this reduced amount strikes the court as reasonable, Plaintiffs must provide at least some documentation for the court to affirm that the amount is reasonable. Plaintiffs have not provided declarations, invoices, billing records, or any documentation that would permit the court to assess the reasonableness of counsel's hourly rate or the number of hours expended on the case. *See Poulin v. General Dynamics Shared Resources, Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *2 (W.D.Va. May 5, 2010) (denying settlement in part, because "[t]he parties have offered no justification underlying their request for an award of attorney's fees, much less the factual basis required for the Court to apply the lodestar analysis as a guide in determining the reasonableness [of] the requested attorney's fees"). Moreover, the parties have not stated the number of hours expended on the case or counsel's hourly rate. Where, in the context of a settlement, the court "finds there is insufficient information to make a lodestar analysis, the local Rules permit an order for the production of appropriate documentation." *Gionfriddo v. Jason Zink, LLC*, No. RDB-09-1733, 2011 WL 2791136, at *3 (D.Md. July 15, 2011) (citing Local Rules, App. B(1)(d) ("[u]pon request by the Judge . . . counsel . . . shall turn over . . . statements of time and the value of that time in the

'litigation phase' format provided in Guideline 1.b")).  Because the parties have provided no documentation, Plaintiffs shall provide additional information before final approval of the Agreement.

Accordingly, it is this 8th day of August, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1.   Plaintiffs shall supplement the record within fourteen (14) days, providing supporting information regarding the reasonableness of the requested attorney's fees as described in the memorandum opinion; and

2.   The clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the parties.

/s/

DEBORAH K. CHASANOW
United States District Judge