```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

                                  :
JOSE RUBIN RUIZ, et al.           :
                                  :   Civil Action No. DKC 16-1011
     v.                           :
                                  :
CMT DESIGN BUILD, LLC             :
                                  :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is a joint motion for approval of a settlement agreement (the "Agreement"). (ECF No. 13). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. Because the Agreement represents a fair and reasonable resolution of a *bona fide* FLSA dispute, it will be approved.

**I.   Background**

Plaintiffs José Ruben Ruiz and Audi Ruben Ruiz (collectively, "Plaintiffs") allege that Defendant CMT Design Build, LLC ("Defendant") employed them as manual laborers for five weeks but only paid them for one of those weeks. Plaintiffs aver that they worked forty-five hours during their first week and Defendant paid them $340.00. For the next four weeks, they worked fifty-four, thirty-six, forty-five, and eighteen hours, but they received no wages. Plaintiffs contend

that they are owed $1,348.42 each in back pay in addition to possible double or treble damages under the FLSA and its Maryland equivalents. (ECF No. 13, at 4).

Plaintiffs commenced this action by filing a complaint on April 5, 2016. (ECF No. 1). The parties did not engage in discovery or mediation, but they filed the pending motion for approval of the Agreement on July 29, 2016. (ECF No. 13). The Agreement provides that, upon court approval, Defendant will pay Plaintiffs and their attorney $6,741.21. (ECF No. 13-1 ¶ B(1)). Plaintiffs are to receive $4,741.32, to be divided evenly between each plaintiff. (*Id.* ¶ B(1)(a)). Defendant, pursuant to the Agreement, does not admit liability, but agrees to settle in order to avoid further costs of litigation. (*Id.* at 1). In exchange for the settlement amount, Plaintiffs agree to waive and release all claims against Defendant. (*Id.* ¶ C).

Upon initial review of the pending motion, the undersigned issued a memorandum opinion and order directing Plaintiffs to supplement the record with information that would enable the court to assess the reasonableness of the Agreement's provisions regarding attorney's fees and costs. (ECF No. 14). Plaintiffs supplemented the motion by providing a declaration from their counsel, Dennis A. Corkery. (ECF No. 15). The declaration includes: receipts for the filing fee and cost of service; information regarding the qualifications of counsel and his

hourly rate; and itemized time records from the Washington Lawyers' Committee for Civil Rights and Urban Affairs.

**II.  Analysis**

Because Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees, the statute's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Under the first exception, the Secretary of Labor may supervise the payment of back wages to employees, who waive their rights to seek liquidated damages upon accepting the full amount of the wages owed. *See* 29 U.S.C. § 216(c). Under the second exception, a district court can approve a settlement between an employer and an employee who has brought a private action for unpaid wages, provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404, 407-08 (D.Md. 2014).

Although the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered

3

in deciding motions for approval of such settlements, district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g.*, *Duprey*, 30 F.Supp.3d at 407-08; *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md. 2010). Pursuant to *Lynn's Food Stores*, an FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." 679 F.2d at 1355. Thus, as a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute." *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2 (D.Md. Aug. 31, 2011) (citing *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241-42 (M.D.Fla. 2010)). Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . .; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D.Va. Sept. 28,

2009); *see also Duprey*, 30 F.Supp.3d at 408 (citations and internal quotation marks omitted).

**A.   *Bona Fide* Dispute and Fairness & Reasonableness**

The court previously found that the Agreement appeared to represent a fair and reasonable resolution of a bona fide FLSA dispute. (ECF No. 14). The pleadings and the parties' representations in court filings establish that a *bona fide* dispute exists as to Defendant's liability to Plaintiffs for wage and overtime payments under the FLSA. (*Id.* at 4-5). Upon review of the parties' submissions and after considering the relevant factors, *see Duprey*, 30 F.Supp.3d at 409, the Agreement appears to be a fair and reasonable compromise of the parties' *bona fide* dispute. (*Id.* at 5-6).

**C. Attorney's Fees and Costs**

In addition to assessing the reasonableness of the settlement amount to be received by Plaintiffs, the court must assess the reasonableness of the Agreement's provisions regarding attorney's fees and costs. *See* 29 U.S.C. § 216(b). The awarding of attorney's fees to Plaintiffs turns on application of the traditional lodestar methodology factors. The starting point in the lodestar calculation is multiplying the number of hours reasonably expended by a reasonable hourly rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). "An hourly rate is reasonable if it is 'in line

with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F.Supp.3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). This court has established presumptively reasonable rates in Appendix B to its Local Rules. *See, e.g.*, *id.* (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D.Md. 2000)). In addition, the specific facts of the case are to be considered in calculating a reasonable figure.

The Agreement provides that — separate and apart from the payments to Plaintiffs — Defendant will pay Plaintiffs' counsel $2,000.00 in attorney's fees and costs. This includes $1,540.00 in legal fees and $460.00 in filing and service of process costs. A review of the billing records submitted by Plaintiffs' counsel reveal that the request is reasonable.

Plaintiffs' counsel avers that he spent 8.3 hours and paralegals and law clerks spent 18.99 hours working on Plaintiffs' case, for a total of 27.29 hours. (ECF No. 15-1, at 3). At Plaintiffs' counsel's regular rates, the lodestar value of this work is $6,897.04, more than four times the requested fee. (*Id.*). Counsel's declaration includes brief descriptions of the services rendered and the hours, to the tenth of an hour, spent performing the services. (*Id.* at 13-14). The entries do not appear frivolous or excessive.

The requested fee equals 6.84 hours of counsel's 8.3 hours at a $225 hourly rate, which is within the guidelines prescribed by the Local Rules.  (*Id.* at 4-5).  It discounts counsel's regular rate of $406 an hour to $225 an hour, reduces his hours by 1.46 hours, and discounts all of the hours worked by other staff.  (*Id.*).  Plaintiffs' counsel declares that the reduction in time is reasonable in light of the case settling at an early stage.  The requested fee of $1,540.00 is reasonable and will be approved.

The requested payment also includes $460.00 for litigation costs.  Plaintiffs' counsel's declaration details the costs incurred: $400.00 for the filing fee and $60.00 for service of process.  (*Id.* at 2).  Counsel also submitted a receipt for the filing fee (*id.* at 7), and an invoice for the service of process (*id.* at 9).  The costs requested are reasonable, necessary, and detailed with sufficient specificity.

The attorney's fees and costs are reasonable and detailed with sufficient specificity.  Accordingly, Plaintiffs have met their "burden of providing sufficient detail . . . to explain and support [their] requests for fees and costs."  *See Andrade v. Aerotek, Inc.*, 852 F.Supp.2d 637, 645 (D.Md. 2012) (citing *Spencer v. General Elec. Co.*, 706 F.Supp. 1234, 1244 (E.D.Va. 1989)).  The requested fees and costs, as calculated in the Agreement, will be awarded in full.

## III. Conclusion

For the foregoing reasons, the joint motion for approval of settlement will be granted. A separate order will follow.

>                   /s/
> DEBORAH K. CHASANOW
> United States District Judge